1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GUILLERMO CHAVEZ,

11            Plaintiff,                    No. 2:11-cv-1015 WBS CKD P

12        vs.

13   GRANADOZ,

14            Defendant.                    <u>ORDER</u>

15   _____/

16        Plaintiff is a prisoner proceeding *pro se* with a complaint pursuant to 42 U.S.C. §

17   1983.  On May 30, 2012, Defendant filed a motion to dismiss the complaint for failure to exhaust

18   administrative remedies.  Pursuant to the Ninth Circuit's recent decision in <u>Woods v. Carey</u>, Nos.

19   09-15548, 09-16113, – F.3d –, 2012 WL 2626912 (9th Cir. July 6, 2012), the court hereby

20   reminds plaintiff of the following requirements for opposing the motion to dismiss for failure to

21   exhaust administrative remedies made by defendant pursuant to non-enumerated Rule 12(b) of

22   the Federal Rules of Civil Procedure.[1]  Such a motion is a request for dismissal of unexhausted

23   claims without prejudice.  The defendant may submit affidavits or declarations under penalty of

24   perjury and admissible documentation to support the motion to dismiss.  To oppose the motion,

25   _____

26        [1] Plaintiff was also advised of these requirements on February 17, 2012.  (<u>See</u> Dkt. No.
     14.)

                                    1

plaintiff may likewise file declarations under penalty of perjury and admissible documentation. Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters state and the plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies.  Plaintiff may serve and file one or more affidavits or declarations by other persons who have personal knowledge of relevant matters.  Plaintiff may also rely upon written records, but plaintiff must prove that the records are what plaintiff claims they are.  If plaintiff fails to contradict defendant's evidence with admissible evidence, the court may rely on the defendant's evidence. In the event both sides submit matters outside the pleadings, the court may look beyond the pleadings and decide disputed issues of fact.  If plaintiff does not serve and file a written opposition to the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion.  If the defendant's motion to dismiss, whether opposed or unopposed, is granted, plaintiff's unexhausted claims will be dismissed without prejudice.  A motion or opposition supported by unsigned affidavits or declarations will be stricken.

Plaintiff now having received the notice required under Woods, 2012 WL 2626912, IT IS HEREBY ORDERED that:

1.  Plaintiff's opposition to defendant's May 30, 2012 motion to dismiss is due by August 10, 2012.  Failure to file an opposition by August 10, 2012 will result in a recommendation that this action be dismissed under Federal Rule of Civil Procedure 41(b).

2.  Any reply to plaintiff's opposition shall be due no later than 14 days after service of the opposition.

Dated: July 11, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7
chav1015.not

2