IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GUILLERMO CHAVEZ,

       Plaintiff,                    No.  2:11-cv-1015 WBS CKD P

    vs.

GRANADOZ,

       Defendant.               ORDER VACATING FINDINGS AND

                                             RECOMMENDATIONS

_____/

       Plaintiff, a state prisoner, proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Plaintiff asserts claims under the First and Eighth Amendments against defendant Granadoz, the sole defendant.  Defendant moved to dismiss the complaint on the ground that plaintiff failed to exhaust administrative remedies before filing suit.   On January 8, 2013, the undersigned recommended that defendant's motion to dismiss be granted.  Plaintiff has filed objections to those findings and recommendations and a document styled as a "Request for Judicial Notice and Appointment of Counsel" in which he asks the court to consider new evidence and argument not previously before the court in ruling on defendant's motion to dismiss. (Dkt. Nos. 25, 26.)  Respondent made no response to plaintiff's objections.

/////

I.  Appointment of Counsel

The United States Supreme Court has held that district courts lack the authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's motion for the appointment of counsel will therefore be denied at this time.

II.  Plaintiff's Objections to the Pending Findings and Recommendations
     and Request for Judicial Notice

On May 30, 2012, defendant moved to dismiss the complaint for plaintiff's failure to exhaust administrative remedies. On July 12, 2012, the court advised plaintiff of the requirements for opposing a Rule 12(b) motion to dismiss. Plaintiff filed an opposition, and on January 8, 2013, the undersigned recommended that defendant's motion to dismiss be granted for plaintiff's failure to exhaust. Plaintiff's objections to the pending findings and recommendations are presently before the court.

Plaintiff alleges that prison officials prevented him from exhausting administrative remedies on the claims presented in his complaint by withholding defendant Granadoz's name, and thereby rendered the administrative appeal process ineffective or unavailable in this case. (Id.) Contemporaneously with his objections, plaintiff has filed a document styled as a "request for judicial notice" in which he asks the court to take judicial notice of various documents which he asserts are relevant to the pending motion to dismiss. Plaintiff asserts the documents demonstrate that he exercised due diligence in regard to the administrative appeal process, and that defendants rendered the appeal process ineffective or unavailable to him such that the court should find he did not have to comply with the exhaustion requirement in order to maintain this federal action. Plaintiff further states that he was prevented

from presenting this new evidence and argument before now because he "had no access to the CMF law library and thus no access to the Court to make copies of the evidence presented...." (Dkt. No. 25 at 1.)

Rule 201(b) of the Federal Rules of Evidence provides that a court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b).  The documents submitted are not the type of adjudicative facts that are judicially noticeable.   Accordingly, the request for judicial notice will be denied.

The documents submitted by petitioner contemporaneously with his objections are of the type that, if attached to a complaint, are properly considered in a determination of whether a complaint states a claim sufficient to withstand dismissal.  See Tellabs, Inc., v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322-23 (2007); Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).  However, a district court has discretion not to consider evidence and argument offered for the first time in a party's objections to a magistrate judge's proposed findings and recommendations.  Jones v. Blanas, 393 F.3d 918, 935 (9th Cir. 2004) (holding also that the court "must actually exercise its discretion" rather than simply ignore the new evidence or reject it *sub silentio*) (citing Brown v. Roe, 279 F.3d 742, 744 (9th Cir. 2002)).  In Jones, the Ninth Circuit held that the district court had erred in failing to exercise its discretion whether to consider explanation provided by the plaintiff for the first time in objections to a magistrate judge's proposed findings and recommendations.  Jones, 393 F.3d at 935 (citing Brown, 279 F.3d at 745).  The Ninth Circuit additionally held:

> Moreover, given the circumstances under which this evidence was offered- a pro se plaintiff, ignorant of the law, offering crucial facts as soon as he understood what was necessary to prevent summary judgment against him- it would have been an abuse of discretion for the district court not to consider the evidence.

Id.

Here, despite plaintiff's alleged lack of law library access to make copies of documents, nothing prevented plaintiff from previously offering the argument now presented. Nevertheless, the undersigned finds that plaintiff, ignorant of the law, offered crucial argument as soon as he understood what was necessary to prevent dismissal of his claims for failure to exhaust. See Id. (citing Brown, 279 F.3d at 745). Accordingly, the undersigned exercises discretion to consider the new argument submitted by petitioner, and, based thereupon, vacates the findings and recommendations entered January 8, 2013.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (Docket No. 26) is DENIED;
2. Plaintiff's request for judicial notice is DENIED; and
3. The findings and recommendations entered January 8, 2013 (Dkt. No. 24) are VACATED and new findings and recommendations will be forthcoming.

Dated: February 20, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
chav1015.31.vacate