1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10    GUILLERMO CHAVEZ,

11              Plaintiff,              No.  2:11-cv-1015 WBS CKD P

12         vs.

13    GRANADOZ,

14              Defendant.             ORDER VACATING FINDINGS AND

15                                     RECOMMENDATIONS

16    _____/

17              Plaintiff, a state prisoner, proceeds pro se with a civil rights complaint filed

18    pursuant to 42 U.S.C. § 1983.  Plaintiff asserts claims under the First and Eighth Amendments

19    against defendant Granadoz, the sole defendant.  Defendant moved to dismiss the complaint on

20    the ground that plaintiff failed to exhaust administrative remedies before filing suit.   On January

21    8, 2013, the undersigned recommended that defendant's motion to dismiss be granted.  Plaintiff

22    has filed objections to those findings and recommendations and a document styled as a "Request

23    for Judicial Notice and Appointment of Counsel" in which he asks the court to consider new

24    evidence and argument not previously before the court in ruling on defendant's motion to

25    dismiss.  (Dkt. Nos. 25, 26.)  Respondent made no response to plaintiff's objections.

26    /////

I.    Appointment of Counsel

The United States Supreme Court has held that district courts lack the authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's motion for the appointment of counsel will therefore be denied at this time.

II.    Plaintiff's Objections to the Pending Findings and Recommendations
        and Request for Judicial Notice

On May 30, 2012, defendant moved to dismiss the complaint for plaintiff's failure to exhaust administrative remedies.  On July 12, 2012, the court advised plaintiff of the requirements for opposing a Rule 12(b) motion to dismiss.  Plaintiff filed an opposition, and on January 8, 2013, the undersigned recommended that defendant's motion to dismiss be granted for plaintiff's failure to exhaust.  Plaintiff's objections to the pending findings and recommendations are presently before the court.

Plaintiff alleges that prison officials prevented him from exhausting administrative remedies on the claims presented in his complaint by withholding defendant Granadoz's name, and thereby rendered the administrative appeal process ineffective or unavailable in this case.  (Id.)  Contemporaneously with his objections, plaintiff has filed a document styled as a "request for judicial notice" in which he asks the court to take judicial notice of various documents which he asserts are relevant to the pending motion to dismiss. Plaintiff asserts the documents demonstrate that he exercised due diligence in regard to the administrative appeal process, and that defendants rendered the appeal process ineffective or unavailable to him such that the court should find he did not have to comply with the exhaustion requirement in order to maintain this federal action.  Plaintiff further states that he was prevented

2

1    from presenting this new evidence and argument before now because he "had no access to the

2    CMF law library and thus no access to the Court to make copies of the evidence presented...."

3    (Dkt. No. 25 at 1.)

4              Rule 201(b) of the Federal Rules of Evidence provides that a court may judicially

5    notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the

6    trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources

7    whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). The documents

8    submitted are not the type of adjudicative facts that are judicially noticeable.   Accordingly, the

9    request for judicial notice will be denied.

10              The documents submitted by petitioner contemporaneously with his objections are

11   of the type that, if attached to a complaint, are properly considered in a determination of whether

12   a complaint states a claim sufficient to withstand dismissal. See Tellabs, Inc., v. Makor Issues &

13   Rights, Ltd., 551 U.S. 308, 322-23 (2007); Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th

14   Cir. 2001). However, a district court has discretion not to consider evidence and argument

15   offered for the first time in a party's objections to a magistrate judge's proposed findings and

16   recommendations. Jones v. Blanas, 393 F.3d 918, 935 (9th Cir. 2004) (holding also that the

17   court "must actually exercise its discretion" rather than simply ignore the new evidence or reject

18   it *sub silentio*) (citing Brown v. Roe, 279 F.3d 742, 744 (9th Cir. 2002)). In Jones, the Ninth

19   Circuit held that the district court had erred in failing to exercise its discretion whether to

20   consider explanation provided by the plaintiff for the first time in objections to a magistrate

21   judge's proposed findings and recommendations. Jones, 393 F.3d at 935 (citing Brown, 279

22   F.3d at 745). The Ninth Circuit additionally held:

23              Moreover, given the circumstances under which this evidence was
                offered- a pro se plaintiff, ignorant of the law, offering crucial facts
24              as soon as he understood what was necessary to prevent summary
                judgment against him- it would have been an abuse of discretion
25              for the district court not to consider the evidence.

26   Id.

                                              3

1    Here, despite plaintiff's alleged lack of law library access to make copies of

2  documents, nothing prevented plaintiff from previously offering the argument now presented.

3  Nevertheless, the undersigned finds that plaintiff, ignorant of the law, offered crucial argument as

4  soon as he understood what was necessary to prevent dismissal of his claims for failure to

5  exhaust.  See Id. (citing Brown, 279 F.3d at 745).  Accordingly, the undersigned exercises

6  discretion to consider the new argument submitted by petitioner, and, based thereupon, vacates

7  the findings and recommendations entered January 8, 2013.

8    In accordance with the above, IT IS HEREBY ORDERED that:

9    1.    Plaintiff's motion for the appointment of counsel (Docket No. 26) is

10    DENIED;

11    2.    Plaintiff's request for judicial notice is DENIED; and

12    3.    The findings and recommendations entered January 8, 2013 (Dkt. No. 24)

13    are VACATED and new findings and recommendations will be

14    forthcoming.

15  Dated: February 20, 2013

16

17    CAROLYN K. DELANEY
    UNITED STATES MAGISTRATE JUDGE

18

19

20

21  8
    chav1015.31.vacate

22

23

24

25

26

4