IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GUILLERMO CHAVEZ,

    Plaintiff,                    No.  2:11-cv-1015 WBS CKD P

    vs.

GRANADOZ,

    Defendant.               ORDER

_____/

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 21, 2013, the magistrate judge issued findings and recommendations recommending that defendants' motion to dismiss be denied.  Defendants have filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case.  The court finds as follows.

Defendants correctly point out that the magistrate judge, in excusing plaintiff's failure to exhaust administrative remedies and denying defendants' motion to dismiss, relied, in part, on a section of the California Code of Regulations which was not in effect at the relevant time period.  Specifically, the magistrate judge cited section 3084.2(a)(3) and (4) of Title 15 of

1

1   the California Code of Regulations, which went into effect January 28, 2011, while plaintiff's
2   attempts to exhaust administrative remedies on his claims in this case occurred between February
3   14 and June 14, 2010.  Thus, the magistrate judge's finding that the appeals coordinator should
4   not have told Chavez that he "must" identify the staff member involved in his staff complaint
5   because that instruction was contrary to language in section 3084.2 is erroneous.  However, for
6   the following reasons, the court nevertheless agrees that plaintiff's exhaustion should be excused
7   in this case.

8         The court observes the following timeline of events in this case relative to
9   plaintiff's attempts to exhaust administrative remedies.  On April 4, 2010, plaintiff filed an
10  inmate appeal, describing his problem as follows:

> On 2-14-10 I was battered by I/M Barrera V-34570 at 0600 hrs with a weapon causing serious injury while being let out for my job assignment.  I/M Barrera who does not work was also let out of his cell by First Watch C/O in Building 12 per postal orders.  See C.D.C.R. 1140 dated 2/26/10 by Lt. Bickham Exhibit (A)[.] Due to the negligence of first watch C/O in Building 12 per postal order I have suffered the loss of my left eye Exhibit (B)!  On 2-23-10 I asked Lt. Bickham via I/M request for the incident report of said date and was returned (6) six pages of paper that I had to sign for to make copies on a trust account withdraw slip to show sustained injuries, as Exhibit (B) which denied due process per Title 15 Section 3286.

(Dkt. No. 26 at 4.)  The action requested was as follows:

> That I be compensated for the loss of left eye due to the negligence of C/O on first watch Building 12 date 2/14/10 who let out I/M Barrera V-34570 to assault me while performing my work duties.  Per early worker release roster, and daily movement sheet that was provided to first watch C/O on Building 12 who negligently let out I/M Barrera, and reimbursed for Lt. Bickhams copies I paid for that are provide[1]

(Dkt. No. 26 at 4.)

        On February 9, 2010, plaintiff's appeal dated April 4, 2010 was screened out "due

---

[1] It is unclear whether the action requested continued onto another page.

to untimely filing." (Dkt. No. 18-1 at 5.) Plaintiff submitted another appeal dated April 13, 2010 in which he complained of "professional negligence of appeals coordinator at C.S.P. Solano for rejecting" his April 4, 2010 appeal for untimeliness, "where [the] negligent failure of Lt. Bickham per CCR 3286 refused to incident issue incident report...." (Dkt. No. 26 at 5.) Plaintiff requested that his "602 dated 4/4/10 be answered and awarded relief." (Id.)

On April 20, 2010, the appeals coordinator sent a response to plaintiff that his appeal dated April 13, 2010 was being screened out as "duplicate" to his April 4, 2010 appeal. (Dkt. No. 18-1 at 5.) On May 17, 2010, plaintiff wrote a letter to the appeals coordinator asking the appeals coordinator to process his staff complaint appeal "as being timely filed." (Dkt. No. 26 at 7.) Plaintiff stated, in relevant part, that he should be allowed to file his "staff complaint" for various listed reasons. (Dkt. No. 26 at 6.) The subject of plaintiff's letter to the appeals coordinator reads "Re: Screen-out of *staff complaint* on February 14, 2010." (Id. (emphasis added).) Subsequently, plaintiff was notified on June 14, 2010 of the following:

> Your CDC 602 dated 4/4/10 has been accepted for further review. However, clarification is needed. If you are filing a staff complaint, you must provide specific name of staff involved in the 2/14/10 incident on first watch, in Building 12. If you are not filing a staff complaint, please indicate that attached CDC 602 is not filed as a staff complaint issue.

(Dkt. No. 18-1 at 5.)

Plaintiff did not respond to this screen-out of his appeal. Defendants argue that plaintiff's failure to respond to this request for clarification constitutes a failure to exhaust. Plaintiff alleges that he was prevented from exhausting by prison officials because he was told that he "must" provide the name of the staff member involved in order to make his staff complaint, yet his requests for the incident report which would reflect the name of the staff member involved went unanswered by prison staff. (Dkt. No. 26 at 2.)

If the screen-out was proper, then it appears that plaintiff's failure to respond to

3

the request for more information constitutes a failure to exhaust available administrative remedies.  See Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules...."). If, however, plaintiff's appeal was "improperly" screened out and his administrative remedies rendered effectively unavailable, his exhaustion should be excused.  See Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010) ("Consistent... with our decision in Nunez, we hold that... [i]f prison officials screen out an inmate's appeals for improper reasons, the inmate cannot pursue the necessary sequence of appeals, and administrative remedies are therefore plainly unavailable.").

Defendants argue that the appeals coordinator "requested clarification because the appeal appeared incomplete, which was a valid reason to reject an appeal [under] Cal. Code Regs., tit. 15, § 3084.3(c)(5) (2010)."  (Dkt. No. 29 at 2.)  That section allows an appeal to be rejected if it "is incomplete or necessary supporting documents are not attached."  15 Cal. Code Regs. § 3084.3(c)(5) (2009).[2]  However, plaintiff's appeal was not incomplete, nor were necessary supporting documents not attached.

First, it is undisputed that no necessary supporting documents needed to be attached in order for plaintiff to make a staff complaint, as plaintiff was specifically informed on February 21, 2010 by the appeals coordinator in response to his April 13, 2010 appeal.  (See Dkt. No. 18-1 at 5.)  Second, as defendants recognize, the regulations in effect at that time were silent as to naming the staff person involved in an appeal.  When a prison's grievance procedures are silent or incomplete as to the factual specificity required, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought."  Griffin v. Arpaio, 557 F.3d 117, 1120 (9th Cir. 2009).  The court finds that plaintiff's April 4, 2010 grievance did indeed alert the prison to the nature of the wrong for which redress was sought.  In this regard, plaintiff

---

[2] The court cites the 2009 regulation because the substance of the 2009 regulation was actually in effect until January 11, 2011.  The text of the 2010 regulation reflects the amendments which did not go into effect until January 11, 2011.

4

1  complained that he was battered by Inmate Barrera "due to the negligence of first watch C/O in
2  Building 12...." (Dkt. No. 26 at 12.)  As to the relief requested, plaintiff asked that "I be
3  compensated for the loss of left eye due to the negligence of C/O on first watch Building 12 date
4  2/14/10 who let out I/M Barrera V-34570 to assault me while performing my work duties." (Id.)

5  Based on the problem described and the relief requested, it was clear that plaintiff
6  was making a staff complaint, directed against the C/O on first watch in building twelve.  In
7  addition, in his letter to the appeals coordinator dated May 17, 2010, which appears to have
8  prompted the appeals coordinator to accept his untimely appeal for further review, plaintiff
9  specifically stated he was writing in regard to the "screen-out of staff complaint" and he
10 specifically asked that to "be allowed to file my staff complaint in this matter." (Dkt. No. 26 at
11 6.)  Contrary to defendants' argument, plaintiff's appeal did not appear to be "incomplete."
12 Rather, the information provided was wholly sufficient to allow prison officials "to take
13 appropriate responsive measures," if they wished to do so.  Griffin, 557 F.3d at 1121.

14 Defendants argue that it was plaintiff who "stopped his participation in the
15 appeals process," and that by "not responding to the request for clarification, [he] did not allow
16 the appeal to go forward." (Dkt. No. 29 at 3.)  This argument ignores the fact that plaintiff was
17 specifically told that if he was filing a staff complaint, he "must" provide the specific name of the
18 staff involved in the 2/14/10 incident on first watch, in Building Twelve." (Dkt. No.18-1 at 5.)
19 Yet plaintiff did not have the specific staff member's name, and alleges that prison officials
20 refused to give him the name of the staff involved. (Dkt. No. 26 at 3.)  Plaintiff has submitted
21 copies of requests he made for the relevant incident report and rule violation report following the
22 screening out of his grievance by the appeals coordinator on June 14, 2010; those requests were
23 dated June 20, 2010 and July 14, 2010. (Dkt. No. 26 at 8.)  Plaintiff alleges that these requests
24 went unanswered. (Id. at 1.)

25 Of course, plaintiff could have responded to the appeals coordinator anyway,
26 stating that he did not have the specific staff member's name.  However, as discussed above, he

5

1  had already informed the appeals coordinator of his attempts to obtain the relevant incident
2  report.  In addition, he had sufficiently identified the staff involved as the "first watch C/O in
3  Building 12" on February 14, 2010.  The information provided was sufficient to allow prison
4  officials to take appropriate responsive measures (see Griffin, 557 F.3d at 1121), and the name of
5  the specific staff member involved could have been obtained by the appeals coordinator.  In light
6  of the information plaintiff had already provided and the appeals coordinator's response, it was
7  reasonable for plaintiff to believe that he was not going to be allowed to proceed without
8  providing the specific staff member's name.  And yet he could not obtain the specific staff
9  member's name, because his requests for the incident report went unanswered.  In this regard,
10 plaintiff argues:

> defendants here are demanding clarification of a staff complaint which requires plaintiff to give specific names of staff that plaintiff simply does not know, but defendants here are also depriving plaintiff of the means to acquire the specific names so that he can clarify a staff complaint.

14 (Dkt. No. 26 at 2.)

15       The rule allowing an exception to the exhaustion requirement where a prison
16 official renders administrative remedies effectively unavailable by improper screening "promotes
17 exhaustion's benefits by removing any incentive prison officials might otherwise have to avoid
18 meaningfully considering inmates' grievances by screening them for improper reasons."  Id.  It
19 "helps ensure that prison officials will consider and resolve grievances internally," and "[a]t the
20 same time... does not alter prisoners' incentive to pursue administrative remedies to the extent
21 possible."  Id.

22       For the reasons set forth herein, the court agrees with the magistrate judge that
23 plaintiff was prevented from pursuing the necessary sequence of appeals, and that his
24 administrative remedies were rendered "effectively unavailable" by the improper screening out of
25 his grievance with directions that he "must" provide the specific staff member's name in order to
26 file a staff complaint.  See Sapp, 623 F.3d at 823.  In other words, plaintiff has sufficiently

1  demonstrated that he exhausted those administrative remedies as were available to him in light of
2  the appeal coordinator's response that he must have the staff member's name and plaintiff's
3  inability to obtain the name of the staff involved.  See Id. at 822 ("We have recognized that the
4  PLRA therefore does not require exhaustion when circumstances render administrative remedies
5  'effectively unavailable.'") (quoting Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010)).  In
6  light of the appeal coordinator's response, plaintiff reasonably believed that the name of the staff
7  involved was necessary, not merely useful, to continue his appeal.  Under these circumstances,
8  plaintiff has met his burden of showing that administrative procedures were effectively
9  unavailable to him.  See Albino v. Baca, 591 F.3d 1023, 1032 (9th Cir. 2012) (holding that once
10 the defendant meets his burden of showing a lack of exhaustion, the burden shifts to the prisoner
11 to demonstrate that the grievance process was not available because, for example, it was
12 thwarted).

         IT IS THEREFORE ORDERED that:

         1. The findings and recommendations filed February 21, 2013 are adopted in part, as to the outcome, for the reasons discussed herein; and

         2. Defendant's motion to dismiss (Docket No. 18) is DENIED.

DATED:  April 19, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE