IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GUILLERMO CHAVEZ,

     Plaintiff,              No.  2:11-cv-1015 WBS CKD P

   vs.

GRANADOZ,

     Defendant.         ORDER

_____/

     Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

     On February 21, 2013, the magistrate judge issued findings and recommendations recommending that defendants' motion to dismiss be denied.  Defendants have filed objections to the findings and recommendations.

     In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo  review of this case.  The court finds as follows.

     Defendants correctly point out that the magistrate judge, in excusing plaintiff's failure to exhaust administrative remedies and denying defendants' motion to dismiss, relied, in part, on a section of the California Code of Regulations which was not in effect at the relevant time period.  Specifically, the magistrate judge cited section 3084.2(a)(3) and (4) of Title 15 of

1

1    the California Code of Regulations, which went into effect January 28, 2011, while plaintiff's

2    attempts to exhaust administrative remedies on his claims in this case occurred between February

3    14 and June 14, 2010.  Thus, the magistrate judge's finding that the appeals coordinator should

4    not have told Chavez that he "must" identify the staff member involved in his staff complaint

5    because that instruction was contrary to language in section 3084.2 is erroneous.  However, for

6    the following reasons, the court nevertheless agrees that plaintiff's exhaustion should be excused

7    in this case.

8              The court observes the following timeline of events in this case relative to

9    plaintiff's attempts to exhaust administrative remedies.  On April 4, 2010, plaintiff filed an

10   inmate appeal, describing his problem as follows:

11             On 2-14-10 I was battered by I/M Barrera V-34570 at 0600 hrs
               with a weapon causing serious injury while being let out for my job
12             assignment.  I/M Barrera who does not work was also let out of his
               cell by First Watch C/O in Building 12 per postal orders.  See
13             C.D.C.R. 1140 dated 2/26/10 by Lt. Bickham Exhibit (A)[.] Due to
               the negligence of first watch C/O in Building 12 per postal order I
14             have suffered the loss of my left eye Exhibit (B)!  On 2-23-10 I
               asked Lt. Bickham via I/M request for the incident report of said
15             date and was returned (6) six pages of paper that I had to sign for to
               make copies on a trust account withdraw slip to show sustained
16             injuries, as Exhibit (B) which denied due process per Title 15
               Section 3286.

17

18   (Dkt. No. 26 at 4.)  The action requested was as follows:

19             That I be compensated for the loss of left eye due to the negligence
               of C/O on first watch Building 12 date 2/14/10 who let out I/M
20             Barrera V-34570 to assault me while performing my work duties.
               Per early worker release roster, and daily movement sheet that was
21             provided to first watch C/O on Building 12 who negligently let out
               I/M Barrera, and reimbursed for Lt. Bickhams copies I paid for that
22             are provide[1]

23   (Dkt. No. 26 at 4.)

24             On February 9, 2010, plaintiff's appeal dated April 4, 2010 was screened out "due

25

26        [1] It is unclear whether the action requested continued onto another page.

1   to untimely filing." (Dkt. No. 18-1 at 5.)  Plaintiff submitted another appeal dated April 13, 2010

2   in which he complained of "professional negligence of appeals coordinator at C.S.P. Solano for

3   rejecting" his April 4, 2010 appeal for untimeliness, "where [the] negligent failure of Lt.

4   Bickham per CCR 3286 refused to incident issue incident report...." (Dkt. No. 26 at 5.)  Plaintiff

5   requested that his "602 dated 4/4/10 be answered and awarded relief."  (Id.)

6            On April 20, 2010, the appeals coordinator sent a response to plaintiff that his

7   appeal dated April 13, 2010 was being screened out as "duplicate" to his April 4, 2010 appeal.

8   (Dkt. No. 18-1 at 5.)  On May 17, 2010, plaintiff wrote a letter to the appeals coordinator asking

9   the appeals coordinator to process his staff complaint appeal "as being timely filed."  (Dkt. No.

10   26 at 7.)  Plaintiff stated, in relevant part, that he should be allowed to file his "staff complaint"

11   for various listed reasons. (Dkt. No. 26 at 6.)  The subject of plaintiff's letter to the appeals

12   coordinator reads "Re: Screen-out of *staff complaint* on February 14, 2010."  (Id. (emphasis

13   added).)  Subsequently, plaintiff was notified on June 14, 2010 of the following:

14            Your CDC 602 dated 4/4/10 has been accepted for further review.
                 However, clarification is needed.  If you are filing a staff

15            complaint, you must provide specific name of staff involved in the
                 2/14/10 incident on first watch, in Building 12.  If you are not

16            filing a staff complaint, please indicate that attached CDC 602 is
                 not filed as a staff complaint issue.

17

18   (Dkt. No. 18-1 at 5.)

19            Plaintiff did not respond to this screen-out of his appeal.  Defendants argue that

20   plaintiff's failure to respond to this request for clarification constitutes a failure to exhaust.

21   Plaintiff alleges that he was prevented from exhausting by prison officials because he was told

22   that he "must" provide the name of the staff member involved in order to make his staff

23   complaint, yet his requests for the incident report which would reflect the name of the staff

24   member involved went unanswered by prison staff.  (Dkt. No. 26 at 2.)

25

26            If the screen-out was proper, then it appears that plaintiff's  failure to respond to

1  the request for more information constitutes a failure to exhaust available administrative

2  remedies.  See Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands

3  compliance with an agency's deadlines and other critical procedural rules...."). If, however,

4  plaintiff's appeal was "improperly" screened out and his administrative remedies rendered

5  effectively unavailable, his exhaustion should be excused.  See Sapp v. Kimbrell, 623 F.3d 813,

6  823 (9th Cir. 2010) ("Consistent... with our decision in Nunez, we hold that... [i]f prison officials

7  screen out an inmate's appeals for improper reasons, the inmate cannot pursue the necessary

8  sequence of appeals, and administrative remedies are therefore plainly unavailable.").

9          Defendants argue that the appeals coordinator "requested clarification because the

10 appeal appeared incomplete, which was a valid reason to reject an appeal [under] Cal. Code

11 Regs., tit. 15, § 3084.3(c)(5) (2010)." (Dkt. No. 29 at 2.)  That section allows an appeal to be

12 rejected if it "is incomplete or necessary supporting documents are not attached." 15 Cal. Code

13 Regs. § 3084.3(c)(5) (2009).[2]  However, plaintiff's appeal was not incomplete, nor were

14 necessary supporting documents not attached.

15         First, it is undisputed that no necessary supporting documents needed to be

16 attached in order for plaintiff to make a staff complaint, as plaintiff was specifically informed on

17 February 21, 2010 by the appeals coordinator in response to his April 13, 2010 appeal. (See Dkt.

18 No. 18-1 at 5.)  Second, as defendants recognize, the regulations in effect at that time were silent

19 as to naming the staff person involved in an appeal.  When a prison's grievance procedures are

20 silent or incomplete as to the factual specificity required, "a grievance suffices if it alerts the

21 prison to the nature of the wrong for which redress is sought." Griffin v. Arpaio, 557 F.3d 117,

22 1120 (9th Cir. 2009).  The court finds that plaintiff's April 4, 2010 grievance did indeed alert the

23 prison to the nature of the wrong for which redress was sought.  In this regard, plaintiff

24 _____

25     [2] The court cites the 2009 regulation because the substance of the 2009 regulation was
actually in effect until January 11, 2011.  The text of the 2010 regulation reflects the amendments
26 which did not go into effect until January 11, 2011.

1    complained that he was battered by Inmate Barrera "due to the negligence of first watch C/O in

2    Building 12...." (Dkt. No. 26 at 12.)  As to the relief requested, plaintiff asked that "I be

3    compensated for the loss of left eye due to the negligence of C/O on first watch Building 12 date

4    2/14/10 who let out I/M Barrera V-34570 to assault me while performing my work duties." (Id.)

5             Based on the problem described and the relief requested, it was clear that plaintiff

6    was making a staff complaint, directed against the C/O on first watch in building twelve.  In

7    addition, in his letter to the appeals coordinator dated May 17, 2010, which appears to have

8    prompted the appeals coordinator to accept his untimely appeal for further review, plaintiff

9    specifically stated he was writing in regard to the "screen-out of staff complaint" and he

10   specifically asked that to "be allowed to file my staff complaint in this matter." (Dkt. No. 26 at

11   6.)  Contrary to defendants' argument, plaintiff's appeal did not appear to be "incomplete."

12   Rather, the information provided was wholly sufficient to allow prison officials "to take

13   appropriate responsive measures," if they wished to do so.  Griffin, 557 F.3d at 1121.

14            Defendants argue that it was plaintiff who "stopped his participation in the

15   appeals process," and that by "not responding to the request for clarification, [he] did not allow

16   the appeal to go forward." (Dkt. No. 29 at 3.)  This argument ignores the fact that plaintiff was

17   specifically told that if he was filing a staff complaint, he "must" provide the specific name of the

18   staff involved in the 2/14/10 incident on first watch, in Building Twelve." (Dkt. No.18-1 at 5.)

19   Yet plaintiff did not have the specific staff member's name, and alleges that prison officials

20   refused to give him the name of the staff involved. (Dkt. No. 26 at 3.)  Plaintiff has submitted

21   copies of requests he made for the relevant incident report and rule violation report following the

22   screening out of his grievance by the appeals coordinator on June 14, 2010; those requests were

23   dated June 20, 2010 and July 14, 2010. (Dkt. No. 26 at 8.)  Plaintiff alleges that these requests

24   went unanswered. (Id. at 1.)

25            Of course, plaintiff could have responded to the appeals coordinator anyway,

26   stating that he did not have the specific staff member's name.  However, as discussed above, he

1  had already informed the appeals coordinator of his attempts to obtain the relevant incident

2  report.  In addition, he had sufficiently identified the staff involved as the "first watch C/O in

3  Building 12" on February 14, 2010.  The information provided was sufficient to allow prison

4  officials to take appropriate responsive measures (see Griffin, 557 F.3d at 1121), and the name of

5  the specific staff member involved could have been obtained by the appeals coordinator.  In light

6  of the information plaintiff had already provided and the appeals coordinator's response, it was

7  reasonable for plaintiff to believe that he was not going to be allowed to proceed without

8  providing the specific staff member's name.  And yet he could not obtain the specific staff

9  member's name, because his requests for the incident report went unanswered.  In this regard,

10  plaintiff argues:

11           defendants here are demanding clarification of a staff complaint
             which requires plaintiff to give specific names of staff that plaintiff
12           simply does not know, but defendants here are also depriving
             plaintiff of the means to acquire the specific names so that he can
13           clarify a staff complaint.

14  (Dkt. No. 26 at 2.)

15           The rule allowing an exception to the exhaustion requirement where a prison

16  official renders administrative remedies effectively unavailable by improper screening "promotes

17  exhaustion's benefits by removing any incentive prison officials might otherwise have to avoid

18  meaningfully considering inmates' grievances by screening them for improper reasons."  Id.  It

19  "helps ensure that prison officials will consider and resolve grievances internally," and "[a]t the

20  same time... does not alter prisoners' incentive to pursue administrative remedies to the extent

21  possible."  Id.

22           For the reasons set forth herein, the court agrees with the magistrate judge that

23  plaintiff was prevented from pursuing the necessary sequence of appeals, and that his

24  administrative remedies were rendered "effectively unavailable" by the improper screening out of

25  his grievance with directions that he "must" provide the specific staff member's name in order to

26  file a staff complaint.  See Sapp, 623 F.3d at 823.  In other words, plaintiff has sufficiently

1  demonstrated that he exhausted those administrative remedies as were available to him in light of

2  the appeal coordinator's response that he must have the staff member's name and plaintiff's

3  inability to obtain the name of the staff involved.  See Id. at 822 ("We have recognized that the

4  PLRA therefore does not require exhaustion when circumstances render administrative remedies

5  'effectively unavailable.'") (quoting Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010)).  In

6  light of the appeal coordinator's response, plaintiff reasonably believed that the name of the staff

7  involved was necessary, not merely useful, to continue his appeal.  Under these circumstances,

8  plaintiff has met his burden of showing that administrative procedures were effectively

9  unavailable to him.  See Albino v. Baca, 591 F.3d 1023, 1032 (9th Cir. 2012) (holding that once

10  the defendant meets his burden of showing a lack of exhaustion, the burden shifts to the prisoner

11  to demonstrate that the grievance process was not available because, for example, it was

12  thwarted).

13              IT IS THEREFORE ORDERED that:

14              1.  The findings and recommendations filed February 21, 2013 are adopted in part,

15  as to the outcome, for the reasons discussed herein; and

16              2.  Defendant's motion to dismiss (Docket No. 18) is DENIED.

17  DATED:  April 19, 2013

18  _____

19  WILLIAM B. SHUBB
    UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26