UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO CHAVEZ,<br><br>            Plaintiff,<br><br>     v.<br><br>GRANADOZ,<br><br>            Defendants. | No.  2:11-cv-1015 WBS CKD P<br><br><br>AMENDED SCHEDULING AND<br>DISCOVERY ORDER |

Plaintiff, a state prisoner, proceeds pro se with a civil rights complaint filed pursuant to 40 U.S.C. § 1983.  On April 23, 2013, defendant's motion to dismiss was denied.  In an order dated May 2, 2013, the court noted that pursuant to the discovery and scheduling order entered April 27, 2012, the period for discovery had closed and the deadline for pretrial motions had passed.  Sua sponte, the court ordered the deadline for discovery motions extended to May 30, 2013.  Subsequently, defendant was granted an extension of time up and including July 15, 2013 to file a dispositive motion.

On May 30, 2013, plaintiff filed a motion requesting that a case scheduling order issue and requesting a stay of dispositive motions until discovery is complete.  In a declaration signed under penalty of perjury, plaintiff states that he never received a scheduling order for this case.  Plaintiff states that after he filed this case, he was transferred to various correctional facilities before ultimately being retained at his present institution, the California Medical Facility.

1

Plaintiff further alleges, incorrectly, that the defendant is obligated to forward his mail to him wherever he is incarcerated. Plaintiff states that he needs to conduct discovery in order to oppose any dispositive motion filed by the defense. Plaintiff states that if a scheduling order did in fact issue, he did not receive it and requests the court to issue an amended scheduling and discovery order. Defendant has not opposed the motion.

Review of the record reveals that plaintiff was properly served by mail with the court's April 27, 2012 scheduling and discovery order. (ECF No. 17.) Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective, even when the documents are returned as undeliverable. In this case, however, the April 27, 2012 scheduling and discovery order was not returned, suggesting that it was received. It is the plaintiff's responsibility to keep the court apprised of his current address at all times. Contrary to plaintiff's allegation, plaintiff may not rely on the defendant or the California Department of Corrections and Rehabilitation to forward court orders to him wherever he is incarcerated.

Nevertheless, under the circumstances presented here, plaintiff's request for an amended discovery and scheduling order will be granted. The discovery and scheduling order entered April 27, 2012 is hereby vacated. Pursuant to Federal Rules of Civil Procedure 1, 16, and 26-36, discovery shall proceed in accordance with paragraphs 2-6 of this order. In addition, the court will set an amended schedule for this litigation.

Should this matter proceed to trial the court will, by subsequent order, require the parties to file pretrial statements. In addition to the matters required to be addressed in the pretrial statement in accordance with Local Rule 281, plaintiff will be required to make a particularized showing in the pretrial statement in order to obtain the attendance of witnesses at trial. Plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named in the pretrial statement.

At the trial of this case, the plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit. In general, there are two kinds of trial evidence: (1) exhibits and (2) the testimony of witnesses. It is the plaintiff's responsibility to produce all of the evidence to prove the claims, whether that evidence is in the form of exhibits

or witness testimony.  If the plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

### I. Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court.  This court will not issue such an order unless it is satisfied that:

> 1. The prospective witness is willing to attend;
>
> and
>
> 2. The prospective witness has actual knowledge of relevant facts.

<u>With the pretrial statement</u>, a party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial.  The motion must:

> 1. State the name, CDC Identification number, and address of each such witness;
>
> and
>
> 2. Be accompanied by affidavits showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.

The willingness of the prospective witness can be shown in one of two ways:

> 1. The party can swear by affidavit that the prospective witness has informed the party that he is willing to testify voluntarily without being subpoenaed.  The party must state in the affidavit when and where the prospective witness informed the party of this willingness;
>
> Or
>
> 2. The party can serve and file an affidavit sworn to by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

/////

The prospective witness' actual knowledge of relevant facts can be shown in one of two ways:

> 1. The party can swear by affidavit that the prospective witness has actual knowledge.  However, this can be done only if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts.  For example, if an incident occurred in the plaintiff's cell and, at the time, the plaintiff saw that a cellmate was present and observed the incident, the plaintiff may swear to the cellmate's ability to testify.
>
> Or
>
> 2. The party can serve and file an affidavit sworn to by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness.  Whether the affidavit is made by the plaintiff or by the prospective witness, it must be specific about what the incident was, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court.  Subsequently, the court will issue the order necessary to cause the witness' custodian to bring the witness to court.

II.   <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily</u>

If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with his pretrial statement a motion for the attendance of such witnesses.  Such motion should be in the form described above.  In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

III.   <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily</u>

It is the responsibility of the party who has secured an unincarcerated witness' voluntary attendance to notify the witness of the time and date of trial.  No action need be sought or

obtained from the court.

IV. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily</u>

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, <u>not earlier than four weeks and not later than two weeks before trial</u>, the party must prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the witness. (Blank subpoena forms may be obtained from the Clerk of the Court.) Also, the party seeking the witness' presence must tender an appropriate sum of money to the witness through the United States Marshal. In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 <u>plus the witness' travel expenses</u>.

A subpoena will not be served by the United States Marshal upon an unincarcerated witness unless the subpoena is accompanied by a money order made payable to the witness for the full amount of the witness' travel expenses plus the daily witness fee of $40.00, and a copy of the court's order granting plaintiff in forma pauperis status. Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's May 30, 2013 motion for case scheduling order (ECF No. 38) is GRANTED and the discovery and scheduling order entered April 27, 2012 is hereby vacated.

2. Discovery requests shall be served by the party seeking the discovery on all parties to the action.[1] Discovery requests shall not be filed with the court except when required by Local Rules 250.1, 250.2, 250.3 and 250.4.

3. Responses to written discovery requests shall be due forty-five days after the request is served.

4. The parties are cautioned that filing of discovery requests or responses, except as required by rule of court, may result in an order of sanctions, including, but not limited to, a

---
[1] If an attorney has filed a document with the court on behalf of any defendant, then plaintiff must serve documents on that attorney and not on the defendant. <u>See</u> Fed. R. Civ. P. 5(b).

recommendation that the action be dismissed or the answer stricken.

5. Pursuant to Federal Rule of Civil Procedure 30(a), defendants may depose plaintiff and any other witness confined in a prison upon condition that, at least fourteen days before such a deposition, defendants serve all parties with the notice required by Fed. R. Civ. P. 30(b)(1).

6. If disputes arise about the parties' obligations to respond to requests for discovery, the parties shall comply with all pertinent rules including Rules 5, 7, 11, 26, and 37 of the Federal Rules of Civil Procedure and Rules 134, 135, 130, 131, 110, 142, and 230(l) of the Local Rules of Practice for the United States District Court, Eastern District of California; unless otherwise ordered, Local Rule 251 shall not apply.  Filing of a discovery motion that does not comply with all applicable rules may result in imposition of sanctions, including but not limited to denial of the motion.

7. The parties may conduct discovery until October 15, 2013.  Any motions necessary to compel discovery shall be filed by that date.  All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34 or 36 shall be served not later than sixty days prior to that date.

8. All pretrial motions, except motions to compel discovery, shall be filed on or before January 15, 2014.  Motions shall be briefed in accordance with paragraph 7 of this court's order filed February 17, 2012.

9. Pretrial conference and trial dates will be set, as appropriate, following adjudication of any dispositive motion, or the expiration of time for filing such a motion.

Dated: June 18, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
chav.41dso.amended