UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO CHAVEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>GRANADOZ, et al.,<br><br>    Defendants. | No. 2:11-cv-1015 WBS CKD P<br><br><br><br>ORDER |

    Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On February 25, 2016, the court stayed this matter pending plaintiff's interlocutory appeal of the magistrate judge's January 28, 2016 order denying plaintiff's request for leave to serve further discovery requests and request that the magistrate judge vacate the findings and recommendations issued January 8, 2016. The Ninth Circuit dismissed plaintiff's appeal on April 6, 2016 for lack of jurisdiction and the mandate issued May 3, 2016. Since the appeal has concluded, the stay imposed February 25, 2016 will be lifted.

    On January 8, 2016, the magistrate judge filed findings and recommendations herein with respect to defendants' February 2, 2015 motion for summary judgment. Defendant Granadoz

/////

1

1   filed objections to the findings and recommendations on January 20, 2016; plaintiff filed
2   objections on January 25, 2016.
3         In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this
4   court has conducted a <u>de novo</u> review of this case.  Having carefully reviewed the entire file, the
5   court finds the findings and recommendations to be supported by the record and by proper
6   analysis.  Accordingly, defendants' motion for summary judgment will be granted in part and
7   denied in part as recommended by the magistrate judge with the only claim surviving defendants'
8   motion being the claim against defendant Granadoz for a violation of the Eighth Amendment.
9         On April 13, 2016, plaintiff filed a motion asking that this matter be dismissed without
10  prejudice.  While defendants do not stipulate to dismissal without prejudice, they do not oppose
11  plaintiff's motion.   Under these circumstances, the court may grant plaintiff's request for
12  dismissal without prejudice on terms the court considers proper.  Fed. R. Civ. P. 41(a)(2).  The
13  court has considerable discretion in deciding whether such a motion should be granted.
14  <u>Westlands Water Dist. v. U.S.</u>, 100 F.3d 94, 96 (9th Cir. 1996)
15        To the extent plaintiff requests that claims which would not survive defendants' motion
16  for summary judgment instead be dismissed without prejudice, plaintiff's request is not well
17  taken.  Defendants' motion for summary judgment was fully briefed, findings and
18  recommendations had issued by the magistrate judge thereon, and objections to the findings and
19  recommendations were filed well before plaintiff filed his request for dismissal without prejudice.
20  Plaintiff's request with respect to plaintiff's claims which would not survive summary judgment
21  appears to be nothing more than an eleventh hour, bad faith attempt to simply avoid adoption of
22  the magistrate judge's findings and recommendations.
23        It is important to note that plaintiff has already commenced a second action in this court,
24  2:16-cv-0520 WBS CKD P, where the complaint filed therein is essentially the same as the
25  operative complaint in this action.  The magistrate judge has already recommended that action be
26  dismissed as duplicative of this one.  In his objections to those findings and recommendations,
27  plaintiff asserts he seeks dismissal of this action and wishes to proceed in the second action so he
28  may have a second chance to conduct discovery.  Nothing before this court suggests plaintiff did

not have a full and fair opportunity to conduct discovery in this action before discovery closed and nothing suggests there is any good reason to re-open discovery.

With respect to plaintiff's claim which survives defendants' motion for summary judgment, the court will grant plaintiff 21 days within which to withdraw his request for dismissal. If plaintiff does not withdraw his request, the claim will be dismissed without prejudice. If that happens, the same claim presented in 2:16-cv-0520 WBS CKD P would no longer be duplicative of a claim presented in this action. However, plaintiff should be mindful that the claim could ultimately be dismissed for violation of the applicable statute of limitations.[1]

For all the reasons stated above, IT IS HEREBY ORDERED that:

1. The stay imposed in this action on February 25, 2016 is lifted.

2. The findings and recommendations filed January 8, 2016 (ECF No. 84), are adopted in full.

3. Defendants' motion for summary judgment (ECF No. 68) is granted in part and denied in part as follows:

    A. Granted with respect to plaintiff's remaining claims arising under the First Amendment;

    B. Granted with respect to plaintiff's remaining Eighth Amendment claim against defendant Barnett; and

    C. Denied with respect to plaintiff's remaining Eighth Amendment claim against defendant Granadoz.

4. Within 21 days from the date of this order, plaintiff shall inform the court whether he wishes to withdraw his April 13, 2016 request for dismissal. If plaintiff does not withdraw that

/////

/////

/////

---

[1] The limitations period applicable to § 1983 claims is two years. Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004). Further, for prisoners incarcerated on a sentence of less than life imprisonment, the limitations period is tolled for two years. Jones v. Blanas, 393 F.3d 918, 927-28 (9th Cir. 2004).

request within 21 days, plaintiff's remaining claim against defendant Granadoz will be dismissed without prejudice.

Dated:  May 12, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

chav1015.803