UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO CHAVEZ, | No. 2:11-cv-1015 WBS CKD P |
| Plaintiff, | |
| v. | ORDER |
| GRANADOZ, et al., | |
| Defendants. | |

On September 30, 2016, plaintiff filed a motion asking that judgment be vacated in this action and that plaintiff be permitted to proceed on his claim arising under the Eighth Amendment against defendant Granadoz. That claim was dismissed by the court on June 22, 2016 pursuant to plaintiff's request. Plaintiff now claims that his request that the claim be dismissed was based upon ignorance of the law and misrepresentations made by a former inmate legal assistant, although plaintiff does not identify the misrepresentations made. Under Rule 60(b)(1) of the Federal Rules of Civil Procedure, the court may vacate judgment for a number of reasons, including mistake, inadvertence or excusable neglect.

Shortly after the magistrate judge assigned to this case recommended defendants' motion for summary judgment be granted with respect to all but the Eighth Amendment claim against defendant Granadoz identified above, plaintiff filed a motion for voluntary dismissal. The court responded to that motion as follows:

> On April 13, 2016, plaintiff filed a motion asking that this matter be dismissed without prejudice. While defendants do not stipulate to dismissal without prejudice, they do not oppose plaintiff's motion. Under these circumstances, the court may grant plaintiff's request for dismissal without prejudice on terms the court considers proper. Fed. R. Civ. P. 41(a)(2). The court has considerable discretion in deciding whether such a motion should be granted. Westlands Water Dist. v. U.S., 100 F.3d 94, 96 (9th Cir. 1996)
>
> To the extent plaintiff requests that claims which would not survive defendants' motion for summary judgment instead be dismissed without prejudice, plaintiff's request is not well taken. Defendants' motion for summary judgment was fully briefed, findings and recommendations had issued by the magistrate judge thereon, and objections to the findings and recommendations were filed well before plaintiff filed his request for dismissal without prejudice. Plaintiff's request with respect to plaintiff's claims which would not survive summary judgment appears to be nothing more than an eleventh hour, bad faith attempt to simply avoid adoption of the magistrate judge's findings and recommendations.
>
> It is important to note that plaintiff has already commenced a second action in this court, 2:16-cv-0520 WBS CKD P, where the complaint filed therein is essentially the same as the operative complaint in this action. The magistrate judge has already recommended that action be dismissed as duplicative of this one. In his objections to those findings and recommendations, plaintiff asserts he seeks dismissal of this action and wishes to proceed in the second action so he may have a second chance to conduct discovery. Nothing before this court suggests plaintiff did not have a full and fair opportunity to conduct discovery in this action before discovery closed and nothing suggests there is any good reason to re-open discovery.
>
> With respect to plaintiff's claim which survives defendants' motion for summary judgment, the court will grant plaintiff 21 days within which to withdraw his request for dismissal. If plaintiff does not withdraw his request, the claim will be dismissed without prejudice. If that happens, the same claim presented in 2:16-cv-0520 WBS CKD P would no longer be duplicative of a claim presented in this action. However, plaintiff should be mindful that the claim could ultimately be dismissed for violation of the applicable statute of limitations.[1]

ECF No. 98.

Plaintiff did not withdraw his request for dismissal, so plaintiff's Eighth Amendment claim against defendant Granadoz was dismissed without prejudice on June 22, 2016. The same

---

[1] The limitations period applicable to § 1983 claims is two years. Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004). Further, for prisoners incarcerated on a sentence of less than life imprisonment, the limitations period is tolled for two years. Jones v. Blanas, 393 F.3d 918, 927-28 (9th Cir. 2004).

claim was in fact dismissed from 2:16-cv-0520 WBS CKD P on September 12, 2016 as time barred, just as the court had warned.

In light of the foregoing, the court finds plaintiff's assertion that he sought and obtained dismissal of his Eighth Amendment claim against defendant Granadoz in this action based upon ignorance of the law and / or misrepresentations made to him by another inmate to be disingenuous. The potential consequences of plaintiff's dismissal of that claim were made clear to plaintiff by the court and he elected to dismiss nevertheless. Accordingly, plaintiff has not established good cause to vacate judgment under Rule 60(b).

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to vacate judgment (ECF No. 101) be, and the same hereby is, DENIED.

Dated:  December 5, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

chav1015.58